1  Daniel F. Fears, Bar No. 110573
   E-Mail:  dff@paynefears.com
2  James R. Moss, Jr., Bar No. 196725
   E-Mail:  jrm@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, California 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212

6  Attorneys for Defendant
   WALT DISNEY PARKS AND RESORTS U.S.,
7  INC.

8

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

                                         **SACV11-1070 CJC(ANx)**
11  Silveria Gutierrez,              CASE NO. _____

12            Plaintiff,             [*Orange County Superior Court
                                     Case No. 30-2010-00407171*]
13  vs.
                                     **PETITION AND NOTICE OF REMOVAL
14  Disney Worldwide Services,       OF CIVIL ACTION UNDER 28 U.S.C.
    Inc., Disneyland Grand           §§ 1332 AND 1441 (b)**
15  California Hotel; and DOES 1
    through 20, inclusive,           **[DIVERSITY JURISDICTION]**
16
                                     Date Action Filed: September
17            Defendants.            10, 2010

18

19

20       TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

21  OF CALIFORNIA, AND TO PLAINTIFF, AND HER COUNSEL OF RECORD:

22

23       PLEASE TAKE NOTICE that Defendant WALT DISNEY PARKS AND

24  RESORTS U.S., INC. ("Defendant") hereby removes this action from

25  the Superior Court of the State of California for the County of

26  Orange to the United States District Court for the Central

27  District of California, on the grounds that jurisdiction is

28

1 proper under 28 U.S.C. § 1332 because it is an action between

2 citizens of different States in which the amount in controversy

3 exceeds $75,000, exclusive of interests and costs.

4

5 <u>PLAINTIFF'S STATE COURT ACTION</u>

6

7     1.    On or about September 10, 2010, Plaintiff Silveria

8 Gutierrez ("Plaintiff") filed an action in the Superior Court of

9 the State of California, County of Orange, entitled "Silveria

10 Gutierrez, Plaintiff, vs. Disney Worldwide Services, Inc.,

11 Disneyland Grand California Hotel; and DOES 1 through 20,

12 inclusive, Defendants," Case No. 30-2010-00407171 (the

13 "Complaint").  Attached hereto as Exhibit "A" is a true and

14 correct copy of the Complaint.

15

16     2.    On or about March 22, 2011, Plaintiff filed an

17 Amendment to the Complaint, substituting Defendant "Walt Disney

18 Parks and Resorts U.S., Inc." ("Defendant") as fictitiously named

19 Doe Defendant 1.  Attached hereto as Exhibit "B" is a true and

20 correct copy of the Amendment to the Complaint.

21

22     3.    On or about March 24, 2011, Plaintiff served the

23 Summons and Complaint with the Doe Amendment on Defendant.

24 Attached hereto as Exhibit "C" is a true and correct copy of the

25 Proof of Service of the Summons and Complaint, which was obtained

26 from the Orange County Superior Court's website.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1       4.   Defendant is informed and believes that it is the only

2   named defendant that has been served as of the date of this

3   Petition and Notice.

4

5       5.   On or about May 9, 2011, Defendant filed and served its

6   Answer to Plaintiff's Complaint (the "Answer") in Orange County

7   Superior Court.  Attached hereto as Exhibit "D" is a true and

8   correct copy of the Answer.

9

10      6.   On or about May 10, 2011, Plaintiff served on Defendant

11  a Notice of Case Management Conference scheduled for June 20,

12  2011.  Attached hereto as Exhibit "E" is a true and correct copy

13  of the Notice of Case Management Conference.

14

15      7.   On or about June 2, 2011, Defendant served a Request

16  for Statement of Damages on Plaintiff.  Attached hereto as

17  Exhibit "F" is a true and correct copy of the Request for

18  Statement of Damages.

19

20      8.   On or about June 10, 2011, Defendant filed a Case

21  Management Statement.  Attached hereto as Exhibit "G" is a true

22  and correct copy of the Case Management Statement.

23

24      9.   On or about June 16, 2011, Plaintiff served on

25  Defendant a Case Management Statement.  Attached hereto as

26  Exhibit "H" is a true and correct copy of the Case Management

27  Statement.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-3-

1    10.   On or about June 16, 2011, Plaintiff served a Statement

2   of Damages on Defendant.  Attached hereto as Exhibit "I" is a

3   true and correct copy of the Statement of Damages.

4

5    11.   The documents attached hereto as Exhibits "A" through

6   "B" and "D" through "I" constitute the pleadings, process and

7   orders served upon or by Defendant in the State Court Action.

8

9                        **DIVERSITY JURISDICTION**

10

11    12.   Plaintiff alleges in her Complaint that she is a

12   resident of the State of California, County of Orange.  (Exhibit

13   "A," ¶ 2).

14

15    13.   Defendant Walt Disney Parks and Resorts U.S., Inc. is,

16   and was at the time this Action was commenced, a citizen of the

17   State of Florida within the meaning of 28 U.S.C. § 1332(c)(1),

18   because it is now, and was at the time this Action was commenced,

19   incorporated under the laws of the State of Florida and

20   maintains, and at all material times maintained, its principal

21   place of business in the State of Florida.

22

23         (a)   A corporation's "principal place of business" for

24   diversity purposes is determined by the "nerve center test."

25   *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010).  The

26   "nerve center test" locates a corporation's principal place of

27   business in the state "where the corporation's high level

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

officers direct, control, and coordinate the corporation's
activities." *Id.* at 1186.  The Court also stated that, "in
practice [the nerve center] should normally be the place where
the corporation maintains its headquarters – provided that the
headquarters is the actual center of direction, control, and
coordination . . ." *Id.* at 1192.

      (b)  Defendant Walt Disney Parks and Resorts, U.S.,
Inc.' corporate headquarters, principal corporate offices and the
majority of its employees are located in Florida.  Thus under the
"nerve center" test, Walt Disney Parks and Resorts U.S, Inc. is a
citizen of the State of Florida.

    14.  Although Plaintiff has purported to name "Disneyland
Grand California Hotel" as a defendant, Plaintiff cannot state
any cause of action against Disneyland Grand Californian Hotel
because the Hotel is simply a hotel, and does not exist as a
corporate entity.  Rather, Defendant Walt Disney Parks and
Resorts U.S., Inc., a citizen of the State of Florida, does
business as "Disneyland Grand Californian Hotel."  Disneyland
Grand Californian Hotel is therefore a "sham" defendant,
fraudulently joined in this case for the purpose of defeating
diversity jurisdiction.  *See, Ritchey v. Upjohn Drug Co.*, 139 F.
3d 1313, 1318-19 (9th Cir. 1998) ("It is a commonplace that
fraudulently joined defendants will not defeat removal on
diversity grounds").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL

15.   As of the date of this Petition and Notice, Plaintiff has not served the only other defendant, Disney Worldwide Services, Inc. ("DWS") in this action.   In any event, DWS is incorporated in and has its principal place of business in the state of Florida, and is therefore a citizen of Florida. Moreover, Plaintiff cannot state any cause of action against DWS because Plaintiff was not employed by DWS.   Rather, Plaintiff's sole employer was Defendant Walt Disney Parks and Resorts U.S., and DWS is a "sham defendant," which, as explained above, cannot defeat diversity.

16.   Plaintiff worked for Defendant as a waitress until her termination in November of 2008.   Her final hourly rate of pay was $8.00 per hour, and her total yearly earnings for 2008 were approximately $44,000.   Accordingly, when Defendant was initially served with Plaintiff's Complaint, it was not apparent that Plaintiff sought more than $75,000 in damages, and Defendant therefore could not remove the matter to federal court at that time.

17.   On June 16, 2011, Plaintiff served a Statement of Damages on Defendant, in response to Defendant's Request for Statement of Damages, listing general damages in the amount of $500,000 and special damages in the amount of $550,000, for a total of $1,050,000.   (Exhibit "I").   Thus, the amount in controversy far exceeds $75,000.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    18.   As set forth above, complete diversity exists among the

2  parties in this action, and this Court has original jurisdiction

3  under 28 U.S.C. § 1332.  Therefore, this action is one that

4  Defendant can remove to this Court pursuant to 28 U.S.C.

5  § 1441(b) because it is a civil action between citizens of

6  different states and the matter in controversy exceeds $75,000,

7  exclusive of interests and costs.

8

9                      **TIMELINESS OF REMOVAL**

10

11    19.   This Notice of Removal is timely pursuant to 28 U.S.C.

12  § 1446(b).   The  Complaint does not specify any monetary amount

13  in controversy.  (Exhibit "A").  Plaintiff's Statement of

14  Damages, served on Defendant on June 16, 2011, alleges $1,050,000

15  in general and special damages, making the case removable.

16  (Exhibit "I").  Thus, this Notice of Removal is timely due

17  because it is filed within thirty (30) days of becoming

18  removable, and within one year of commencement of the action.

19

20                          **CONCLUSION**

21

22    20.   Defendant respectfully requests that this Court

23  exercise its removal jurisdiction over this action based upon the

24  diversity of citizenship of the parties.

25

26

27

28

PETITION AND NOTICE OF REMOVAL

1  DATED:  July 15, 2011              PAYNE & FEARS LLP

2

3                                     By: _____

4                                           DANIEL F. FEARS
                                            JAMES R. MOSS, JR.
5
                                      Attorneys for Defendant
6                                     WALT DISNEY PARKS AND RESORTS U.S.,
                                      INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-8-

1

## INDEX OF EXHIBITS

2     **EXHIBIT**                **DESCRIPTION**

3     EXHIBIT "A":        Complaint

4     EXHIBIT "B":        Amendment to Complaint

5     EXHIBIT "C":        Proof of Service of Summons and Complaint

6

7     EXHIBIT "D":        Answer to Complaint by Defendant Walt Disney Parks and Resorts U.S., Inc.

8     EXHIBIT "E":        Notice of Case Management Conference

9     EXHIBIT "F":        Request for Statement of Damages

10    EXHIBIT "G":        Case Management Statement by Defendant Walt Disney Parks and Resorts U.S., Inc.

11

12    EXHIBIT "H":        Case Management Statement by Plaintiff

13    EXHIBIT "I":        Plaintiff's Statement of Damages

14

15    4845-4697-4986.1

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Disney Worldwid Services, Inc., Disneyland Grand California Hotel;
and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Silveria Gutierrez

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 1 0 2010

ALAN CARLSON, Clerk of the Court

BY ____F. IBARRA____, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br>700 Civic Center Drive West, Santa Ana, CA 92701<br>Central Justice Center | **CASE NUMBER:**<br>*(Número del Caso):* 30-2010<br>**00407171**<br><br>**JUDGE DEREK W. HUNT**<br>**DEPT. C24** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Lee Gilmore, 12395 Lewis Street, Ste. 201, Garden Grove, CA 92840   714/750-1766

| | | | |
|---|---|---|---|
| DATE SEP 1 0 2010<br>*(Fecha)* | ALAN CARLSON | Clerk, by FIDEL IBARRA<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doel Walt Disney Parks and Resorts, U.S., Inc.
3. ☒ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP 474
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |



Exhibit A Pg 9

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael Lee Gilmore
12395 Lewis Street, Suite 201
Garden Grove, CA 92840
Bar No. 074463
TELEPHONE NO.: 714/750-1766   FAX NO.: 714/750-1884
ATTORNEY FOR (Name): Plaintiff, Silveria Gutierrez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 10 2010

ALAN CARLSON, Clerk of the Court

BY:  F. IBARRA  ,DEPUTY

CASE NAME:
Silveria Gutierrez v. Disney Worldwid Services, Inc., et. al.

CASE NUMBER: 30-2010 00407171

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: JUDGE DEREK W. HUNT  DEPT: DEPT. C24 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 1, 2010
Michael Lee Gilmore
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A  Pg 10

1   LAW OFFICE OF MICHAEL LEE GILMORE
2   12395 Lewis Street, Suite 201
    Garden Grove, CA 92840
3   (714) 750-1766
    (714) 750-1884 Fax
4   State Bar Number 074463

5   Attorney for Plaintiff
    Silveria Gutierrez
6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 1 0 2010

ALAN CARLSON, Clerk of the Court

BY: _____F. IBARRA_____ ;DEPUTY

JUDGE DEREK W. HUNT
DEPT. C24

7

8       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ORANGE

10                   30-2010
11                 00407171

12   Silveria Gutierrez,          )   CASE NO.:

13        Plaintiff,         )   **COMPLAINT FOR DAMAGES**
                    )
14   vs.                   )   1.  DISCRIMINATION IN VIOLATION OF
                    )       CALIFORNIA GOVERNMENT CODE §12940 ET
15   Disney Worldwide Services, Inc., Disneyland Grand )      SEQ.
                    )   2.  WRONGFUL TERMINATION IN VIOLATION OF
16   California Hotel; and DOES 1 through 20, inclusive, )     CALIFORNIA GOVERNMENT CODE §12940 ET
                    )       SEQ.
17       Defendants.      )   3.  WRONGFUL CONSTRUCTIVE TERMINATION IN
                    )       VIOLATION OF PUBLIC POLICY
18                     )   4.  BREACH OF THE COVENANT OF GOOD FAITH
                    )       AND FAIR DEALING
19                     )

20       Plaintiff, hereby brings her complaint against the above-named Defendants and states and alleges

21   as follows:

22

23                     <u>PRELIMINARY ALLEGATIONS</u>

24       1. Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein

25   Defendant DISNEY WORLDWIDE SERVICES, INC., and DISNEYLAND GRAND CALIFORNIA HOTEL

26   (hereinafter "DISNEY"), was, and is, doing business in the State of California in the County of Orange.

27       2. At all times herein mentioned, and at the time the cause of action arose, Plaintiff was an individual

28   and resident of the County of Orange, State of California, and at all relevant times was employed by

Exhibit ___ Pg ___

1 | Defendants in the County of Orange.

2 |     3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as 1 through 20,
3 | inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an
4 | amendment to this complaint alleging the true names and capacities of said fictitiously named Defendants if
5 | 
6 | and when such true names and capacities become known to Plaintiff.

7 |     4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named
8 | Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein
9 | below.
10 | 

11 |     5. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named
12 | herein acted as the employee, agent, spouse, partner, alter-ego and/or joint venturer of each of the other
13 | Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each
14 | of said Defendants acted within the scope of said relationship and with the permission, consent and ratification
15 | of each of the other Defendants named herein.
16 | 

17 |     6. Hereinafter in the complaint, unless otherwise specified, reference to a Defendant or Defendants
18 | shall refer to all Defendants, and each of them.

19 |     7. On or about 2000, Plaintiff and Defendant entered into a contract of employment, partially oral,
20 | partially written and partially implied for an unspecified period of years in the County of Orange. Plaintiff agreed
21 | to perform duties as a Food Server at Disney's Story Teller Cafe. Pursuant to the terms of this agreement,
22 | among others, Plaintiff was required to be a member of a union and was paid minimum wages plus tips with
23 | 
24 | retirement benefits, life insurance, medical insurance, disability insurance, and other benefits.

25 |     8. Defendant DISNEY published and promulgated written policies, procedures and guidelines. These
26 | policies and guidelines were contained in an Employee Policy Manual which included policies on:
27 | 
28 |     (1) Termination.

1    (2) Gratuities

2    (3) Complaints

3

4    (4) Discipline and others

5   9.   As a restaurant employee Plaintiff's employment was governed by an agreement between

6 Defendant, DISNEY and Unite HERE! Local 11.

7   10.  The union agreement had expired in 2009 and Disney and the union had not reached a new

8

9 agreement.

10   11.  Throughout the course of her employment, Plaintiff duly and satisfactorily performed all of the

11 conditions and terms of her employment, except when prevented or excused from doing so by the Defendant

12 and its managerial and executive employees.

13

14   12.  In the fall of 2008 Plaintiff questioned her manager Marissa Hermosa about Plaintiff's seniority

15 status due to having Plaintiff's hours reduced and the greater amount of hours went to those servers with

16 higher seniority. Plaintiff specifically questioned her status to that of Maria Simbillo and Thomas Buck. Plaintiff

17 did so because Simbillo and Buck had received more hours than her at one point. Plaintiff felt that since they

18 had the same hire date of 11/26/2000 they would receive the equal hours.  Plaintiff asked Marissa and the

19 other managers many times where she was on the seniority schedule.  None of them ever gave her a straight

20

21 answer.

22   13.  At one point, James, a manager, said he could not answer Plaintiff's question because he was

23 fairly new to the job. So James suggested Plaintiff contact human resources and make an appointment there

24 so that she could get her question answered there.  He gave Plaintiff the phone number to make the

25 appointment.

26

27   14.  Plaintiff followed his suggestion and got an appointment with Carrie at Human Resources.  Once

28 plaintiff told Carrier why she was there, she asked her who had told her to see her about that question. Plaintiff

1  told her James did. She became very upset and told Plaintiff to go back to the managers to get her answer

2  because it was the manager's job to do so. No manager ever did answer Plaintiff's question.

3      15. Several days later, on November 15, 2009, around 8:30 a.m., Karen, the manager on duty, told

4  

5  Plaintiff to room service because another manager, James, wanted to show her something. Plaintiff asked if

6  she could later because she was busy tending to tables with customers at that time.

7      16. Karen told Plaintiff to go anyway, and that Bronson, a breaker, would cover her tables for her.

8  

9  Plaintiff agreed and went to look for James. James was at the bar. Plaintiff asked James what it was he

   wanted to show her and he just told her to follow him. Plaintiff asked him where it was he was leading her to
10

11  as they were crossing through Downtown Disney. James told Plaintiff they were going to the security office.

12  Plaintiff asked him why if she had not done anything.

13      17. Plaintiff then realized that James and Karen lied to her because they knew where all this was

14  
   going and they never afforded Plaintiff the opportunity to seek help from the union.
15

16      18. Plaintiff had every right to be accompanied by a union representative and they never gave her

17  that opportunity. They knew Plaintiff was going to be fired or at the very least suspended since they had called

18  in another server named Edwin Dillon to take Plaintiff's place.

19      19. When they got to the security office, they were greeted by a lady named Lisa. Lisa asked Plaintiff

20  
   if Plaintiff knew who she was and Plaintiff said no. She then told Plaintiff that she was in charge of an
21

22  investigation. She then took out a copy of a check receipt from a table that Plaintiff had tended to. She asked

23  Plaintiff if she recalled the following facts: that on November 2, 2008 a party of three people had gone to Story

24  Teller to eat and that Plaintiff served them. When this party paid their check, they used a $40.00 gift card. The

25  check total was $29.63 and the gift card balance of $10.37 was charged as a tip without the gift holder's

26  
   authorization.
27

28      20. Lisa proceeded to explain that this party had complained about the tip that was charged to their

COMPLAINT FOR DAMAGES
4

Exhibit _A_ Pg _14_

1 gift card. After hearing all of this, Plaintiff truly tried to recall that day and that particular party. Plaintiff could

2 not remember the party or having closed out that party's check. Plaintiff could only say that in instances like

3 that where a party pays with a gift card, Plaintiff never fills in or includes a tip unless the party specifically

4 requests it and fills it in themselves.

5

6      21. Plaintiff then asked Lisa if she was certain that it was Plaintiff that had closed out that check, or

7 if it could have been a lead or a manager. Because on that particular day, Story Teller was very busy and

8 Plaintiff would ask the breakers or leads to close out some of the checks for her, as this is common practice

9 at Story Teller on busy days. That day the managers or leads would ask Plaintiff to open the computer system

10 with her I.D. card for them to close out a check for her.

11

12      22. Lisa said that the party of three told her that they had left Plaintiff a tip in Disney Dollars, yet

13 Plaintiff still did not remember this because customers regularly pay with Disney Dollars. She asked her if she

14 thought that the bus boys had stolen the money. Plaintiff told her that Plaintiff had never seen a bus boy at

15 Story Teller steal any money, and she told Plaintiff not to put her hands in the fire for anyone.

16

17      23. Lisa further questioned Plaintiff that if when customers do not leave a tip, if that made Plaintiff

18 angry and in turn cause Plaintiff to add a tip without their authorization. Plaintiff told her she had never done

19 that or even considered such a thing. Plaintiff then asked her what had happened with the complaining party

20 of three, and she said they were being taken care of because they "wanted more."

21

22      24. At the end of the "interview" with Lisa, she told Plaintiff that Plaintiff had to prepare a statement

23 and to include that her and Plaintiff had spoken about the incident. Plaintiff asked her what was going to

24 happen next. She told Plaintiff to return to work and within a week James would be speaking with her. She

25 also said that her statement would be going to Human Resources and that Plaintiff would likely be receiving

26 some disciplinary action.

27

28      25. When James and the Plaintiff left the security office, Plaintiff asked him if he had any idea as to

Exhibit A Pg 15

1  what was going to happen; he said he did not know, but that he thought they were going to suspend her, but

2  they did not because they sent Plaintiff back to work since this is not a serious issue. When Plaintiff returned

3  to the Story Teller's floor, Plaintiff asked Bronson to give her the check receipts from the tables he had covered

4  for her, but he told her that he had given them to Karun, a manager, and that her tables had been divided up

5  between Erin and Angelica. When Plaintiff went to the podium to pick up the money and the tickets from the

6  tables of her station, the money and tickets were already in a sealed envelope because they believed that

7  Plaintiff had already been suspended.

8

9      26. One server, Thomas, asked Plaintiff why she had not been fired. The others just laughed and said

10  they thought for sure Plaintiff was going to be fired. Plaintiff was not surprised by their comments because one

11  of the servers there, Tom, had always told Plaintiff that she should retire because she was old and this job is

12

13  for younger people.

14      27. Ten days had gone by and on November 25, 2008, at the end of Plaintiff's shift, Rekha, a lead,

15  told her that Dawn wanted to see her at the office. Plaintiff went to talk to Dawn and she told her that she was

16  relieving Plaintiff of her position with Disney for violating a company policy, and that she was giving Plaintiff

17

18  her final pay check and she had Plaintiff turn in her identification badge.

19      28. Marissa Hermosa always favored some of the servers over others. She handled Plaintiff's case

20  with a different protocol than that which is normally done with other employees. Marissa never asked Plaintiff

21

22  to explain her side of the story. Specifically, Plaintiff never got to explain what precisely happened with the

23  complaining customer. Marissa reported the incident in question to human resources via email. In that email

24  she requested direct instruction from human resources as to what she was to do with Plaintiff as a result of

25

26  the complaint. But again, she never spoke to Plaintiff first to try to clear up the matter, or at least attempt to

27  before notifying human resources.

28      29. Marissa Hermosa was looking for an excuse to help get rid of Plaintiff because Plaintiff had

questioned her about her seniority status.

Exhibit A Pg 16

30. Plaintiff contacted the union to grieve her termination, but because no formal contract was in existence between Disney and the union, no arbitration took place.

31. Plaintiff has exhausted her administrative remedies by filing complaints with the Department of Fair Housing and Employment. A right to sue letter was issued.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940

## ET SEQ. [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendants and Does 1 through 20)

32. Plaintiff incorporates by reference paragraphs 1 through 31 inclusive of this Complaint as if fully set forth at this place.

33. At all times herein mentioned, California Government Code ("Code") § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

34. At all times herein mentioned, Government Code ("Code") § 12941 was in full force and effect and was binding upon Defendants. This sections requires Defendants to refrain from discriminating against an employee over the age of 40. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing in full compliance with this section and received a "Right to Sue" letter.

35. The above said acts of Defendants constitute age discrimination in violation of public policy and in violation of Government Code §§ 12940(a) et seq. and 12941.

36. Employees younger and with less experience than Plaintiff replaced the Plaintiff's position.

37. Plaintiff believes and thereon alleges that her age was a factor in Defendant's decision to

Exhibit A Pg 17

terminate her.  This discrimination was in violation of the public policy of the State of California, as reflected in Government Code § 12941, and has resulted in damage and injury to Plaintiff as alleged herein.

38.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

39. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

SECOND CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendant and Does 1 through 20)

41.  Plaintiff incorporates by reference paragraphs 1 through 31 inclusive of this Complaint as if fully set forth at ths place.

COMPLAINT FOR DAMAGES
8

Exhibit A Pg 18

42. At all times herein mentioned, California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code § 12940(a) provides that it is unlawful for an employer, because of disability, to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment.

43. As a direct, legal and proximate result of Plaintiff's age, Defendants constructively terminated Plaintiff.

44. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

45. As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46. As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code §12965(b).

Exhibit A Pg 19

<u>THIRD CAUSE OF ACTION</u>

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against Defendants and Does 1 through 20)

47. Plaintiff incorporates by reference paragraphs 1 through 31 inclusive of this Complaint as if fully set forth at this place.

48. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of age. This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large. Accordingly, the actions of defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

49. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §3287 and/or §3288 and/or any other provision of law providing for prejudgment interest.

50. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

Exhibit A Pg 20

## FOURTH CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING AS TO ALL DEFENDANTS)

51. Plaintiff incorporates by reference paragraphs 1 through 31 of the Common Allegations of the Complaint as though fully set forth thereat.

52. Plaintiff's employment agreement with the Defendants contained an implied covenant of good faith and fair dealing by which Defendants, and each of them, promise to give full cooperation to Plaintiff in his employment performance, and to refrain from doing any act which would prevent or impede Plaintiff from performing all of the conditions of his employment, or any act that would prevent or impede Plaintiff's employment of the fruits of his employment. Specifically, the covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the employment agreement.

53. As a result of the employment relationship which existed between Plaintiff and Defendant and the express and implied promises made in connection with that relationship, and the acts, conduct and communications resulting in these implied promises, Defendant employer promised to act in good faith towards and deal fairly with Plaintiff which required among other things, that (a) Each party in the relationship must act with good faith toward the other concerning all matters relating to the employment; (b) Each party in the relationship must act with fairness toward the other concerning all matters relating to the employment; (c) Neither party would take any action to prevent the other from obtaining the benefits of the employment relationship; (d) Defendant employer would similarly treat employees who are similarly situated; (e) Defendant employer would comply with its own representations, rules, policies and procedures in dealing with Plaintiff; (f) Defendant employer would not terminate Plaintiff without a fair and honest cause regulated by good faith on Defendant employer's part; and (g) Defendant employer would not constructively terminate Plaintiff in an unfair manner; (h) Defendant employer would give Plaintiff's interest as much consideration as it gave its own interests, and (i) Defendant employer would not deny Plaintiff the right to due process.

Exhibit A pg 21

54.   Plaintiff, as an individual employee, was in an inherently unequal bargaining position in his dealings with the Defendant.  In addition, Plaintiff entrusted her entire major livelihood to the Defendant's willingness to perform their obligations under the terms of employment, and she risked suffering grave harm if Defendants failed to perform.  Defendants were aware of Plaintiff's vulnerability in this regard.

55.   Defendant's termination of the Plaintiff's employment was wrongful, in bad faith, arbitrary and unfair, and therefore, in breach of said covenant, that Plaintiff was constructively terminated on the pretext that she improperly took a gratuity to which she was not entitled, when Defendants knew there was no just cause and that similar mistakes by other employees did not result in termination.  Plaintiff was terminated for reasons extraneous to the employment agreement, without good or sufficient cause, in violation of the Defendant's policy to deal consistently and fairly with its employees, and for the purpose of frustrating Plaintiff's enjoyment of the benefits of her employment with Defendants, and as part of a systematic policy to terminate employees while they were not covered by the union contract and did not have effective union representation.

56.   Plaintiff restates and incorporates by reference the damage allegations in Paragraphs 44 and 45 of the Second Cause of Action of the Complaint on file herein as though fully set forth hereat.

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general damages in an amount within the jurisdictional limits of this Court;

2.  For medical expenses and related items of expense, according to proof;

3.  For loss of earnings, according to proof;

4.  For attorneys' fees according to proof;

5.  For prejudgment interest, according to proof;

//

//

//

Exhibit H Pg 22

6. For costs of suit incurred herein; and

7. For such other relief as the Court may deem just and proper.

Dated: September ___1___, 2010

_(signature)_

MICHAEL LEE GILMORE
Attorney for Plaintiff,
Silveria Gutierrez